CHELSEA ELECTRIC CORPORATION, Respondent, v. MAX ORNSTEIN, Appellant.

Supreme Court, Appellate Term, First Department, April 12, 1928.

**Municipal Court of City of New York — trial — place of trial — under Municipal Court Code, § 17, subd. 2, motion to change place of trial may be made coincidentally with service of answer.**

The Municipal Court Code abolished demurrers under that denomination and substituted in subdivision 8 of section 78 and section 88 " special appearance " and " motion." Therefore, there is no longer an " issue of law " in the Municipal Court and of course no joinder of issue thereon.

In view of the language of the Municipal Court Code and the underlying reason for the provision, as well as in the interest of conformity of practice, the requirement of subdivision 2 of section 17, that the demand for a change of venue shall be made " before or at joinder of issue," means before or coincidentally with the service of the answer.

Accordingly, where the defendant interposed a " special appearance," under subdivision 8 of section 78 of the Municipal Court Code, for the purpose of objecting to the sufficiency of the statement of the cause of action, his notice for a change of the place of trial was properly served coincidentally with the service of the answer.

APPEAL by defendant from judgment of the Municipal Court, Borough of Manhattan, Third District, in favor of plaintiff, bringing up for review an order denying defendant's motion for a change of venue.

*Max Ornstein,* for the appellant.

*Levinson & Feinsod* [*Irving Levinson* of counsel], for the respondent.

BIJUR, J.  The plaintiff originally served a summons entitled " Borough of Manhattan, Third District," containing the indorsement of a " brief statement of the nature and substance of the cause of action." (Mun. Ct. Code, § 19.) The concededly proper district is the Fifth District, Brooklyn. The defendant interposed a " special appearance " under subdivision 8 of section 78 of the Municipal Court Code, for the purpose of objecting that the statement was insufficient. Thereupon the court directed plaintiff to serve a complaint, to which defendant was directed to and did serve a verified answer. Coincidentally with the service of the answer, defendant demanded that the action be transferred to the concededly proper district, and followed it with a motion to the same effect, which was denied. Plaintiff claims that the demand was made too late, because subdivision 2 of

54

section 17 of the Municipal Court Code (as amd. by Laws of 1921, chap. 165)* provides that it must be made " before or at joinder of issue," and contends that this means a joinder of issue of law as well as joinder of issue of fact and that the motion based upon the insufficiency of the statement of the cause of action raised an " issue of law."

The phraseology of subdivision 2 of section 17 is taken from subdivision 4 of section 25 of the previous Municipal Court Act (Laws of 1902, chap. 580).    At that time defendant's pleadings were defined as either a demurrer or an answer, and the Code of Civil Procedure (§§ 963, 964) defined an issue of law as one arising upon a demurrer.    When the Municipal Court Code, however, was adopted (Laws of 1915, chap. 279) it abolished demurrers under that denomination, and substituted in section 78, subdivision 8, and section 88 " special appearances " and "motion."    Technically, therefore, there is no longer an " issue of law " in the Municipal Court and of course no joinder of issue thereon.    Strictly speaking, therefore, and interpreting the Municipal Court Code according to its language, the demand for a change of venue need not be made except before answer served, which represents the only " joinder of issue " in that court.

It is clear that this is the intention of the draftsman of the Code, since rule 146 of the Rules of Civil Practice and its predecessor, the Code of Civil Procedure (§ 986) and even the Code of Procedure before that (§ 126) all provide that the demand for a change of venue to the proper county shall be made before service of the answer.    The reason for this provision seems plain, as small inconvenience will be occasioned to any litigant through argument of mere questions of law before the court — it is generally only as to the place of trial that the parties are concerned in that respect.

In view, therefore, of both the language of the Municipal Court Code and the underlying reason for the provision, as well as in the interest of conformity of practice, I think that the requirement that the demand for change of venue shall be made before issue joined means before or coincidentally with the service of the answer. The demand was so made in the case now on appeal.

Judgment and order reversed and a new trial ordered in the fifth district, borough of Brooklyn, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, LYDON and LEVY, JJ.

* Since amd. by Laws of 1928, chap. 614.— [REP.